UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMAL A. ZATARAH, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　Defendants. | Civil Action No. 22-0703 (JDB) |

**JOINT MOTION TO TRANSFER**

　　The parties, Plaintiffs Amal A. Zatarah, Ahmed Yousef Fawakhiri, and Meadowview Market, and Defendants United States of America and Thomas J. Vilsack, in his official capacity as the Secretary of the United States Department of Agriculture ("USDA"), through counsel, respectfully and jointly move this Court to transfer the case to the United States District Court for the Eastern District of California.

　　There is good cause for granting the requested relief.  The instant action was filed on March 14, 2022, seeking *de novo* review of final agency decision by the USDA Food and Nutrition Service to disqualify Plaintiffs from participating in the Supplemental Nutrition Assistance Program.  *See generally* ECF No. 1.  On August 2, 2022, the Judicial Panel on Multidistrict Litigation denied the motion for centralization of the instant case, as well as four other separate actions under section 2023, before this Court.  *See* Exhibit A – JPML Order.

　　Storeowners may obtain judicial review of that final agency decision pursuant to 7 U.S.C. § 2023(a)(13), which provides that "filing a complaint against the United States in the United States court for the district in which it resides or is engaged in business or, in the case of a retail food store or wholesale food concern in any court of record of the State having competent

jurisdiction." Section 2023(a)(13) is a conditional waiver of sovereign immunity, *Simaan v. Veneman*, 349 F. Supp. 2d 967, 970 (M.D.N.C. 2004) ("Section 2023(a)(13) is a conditional waiver of the United States' sovereign immunity against lawsuits."); *Shoulders v. U.S. Dep't of Agriculture*, 878 F.2d 141, 143 (4th Cir. 1989), and thus the United States has only consented to be sued when plaintiffs bring a claim under section 2023(a)(13) in the district where the store "resides" or is engaged in business. *See* 7 U.S.C. § 2023(a)(13); *see also F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (absent a waiver of sovereign immunity, a federal district court lacks subject matter jurisdiction over claims against the United States and its agencies and instrumentalities).

As Plaintiffs acknowledge, however, their store is located in Sacramento, California, and Plaintiffs otherwise lack any connection to the District of Columbia. Accordingly, Plaintiffs have brought this case where the Court lacks subject matter jurisdiction to hear the matter. *See also Ali Nasser Abdullah, et al. v. United States of America, et al.*, Civ. A. No. 22-0029 (JDB) (action filed by same undersigned counsel for plaintiffs with same jurisdictional defect); *Asad A. Kahn, et al. v. United States of America, et al.*, Civ. A. No. 22-0071 (JDB) (same); *Khorsheed et al v. United States of America, et al.*, Civ. A. No. 20-1014 (RC) (same); *Four Winds Behavioral Health, Inc, et al. v. United States of America, et al.*, Civ. A. No. 18-2802 (CKK) (same).

Under 28 U.S.C. § 1631, where a court determines that it lacks jurisdiction over a claim "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . which the action or appeal could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631; *Ingersoll-Rand Co. v. United States*, 780 F.2d 74, 81 (D.C. Cir. 1985). Here, although the parties recognize that there is authority to support dismissal rather than transfer where jurisdiction is lacking due to decisions made by counsel to file in a plainly incorrect jurisdiction, *see Gage v. Somerset Cnty.*, 322 F. Supp. 3d 53, 58 (D.D.C. 2018) and *Javey v. Proskauer Rose*

*LLP.*, 59 F. Supp. 3d 1, 7-8 (D.D.C. 2014), Defendants join in this request upon undersigned counsel for Plaintiffs' representation that, going forward, he will only file actions seeking *de novo* review of disqualification decisions in the judicial district where store resides or is engaged in business.[1]  *See* 7 U.S.C. § 2023(a)(13).  Undersigned counsel for Plaintiffs acknowledges that, in exchange for Defendants' concession not to move for dismissal, counsel is aware of the language of 7 U.S.C. § 2023(a)(13), and understands that should he continue to file similar actions in the incorrect venue, Defendant may view them as filed in bad faith and may seek dismissal and other appropriate relief from the court.  Undersigned counsel for Plaintiffs further acknowledges that, although the parties jointly move to transfer the case here, it would not further the interests of justice to transfer future cases should counsel fail to comply section 2023(a)(13) and that Defendants may seek dismissal in the future.

The parties further respectfully request that, upon transfer, this Court should extend Defendants' time to respond to the Complaint to the later of (1) 30 days after this action is docketed in the United States District Court for the Eastern District of California; (2) 30 days after Plaintiffs' counsel has been either admitted or admitted *pro hac vice* into the Eastern District of California; or (3) 60 days after the Plaintiff has properly effected service upon the Defendant.  Upon transfer, this case will be handled by another Assistant United States Attorney in the transferee district.  The additional time will allow that attorney sufficient time to review the case file, discuss this matter with the relevant agencies, and formulate an appropriate response to Plaintiffs' Complaint.  This

---

[1] Defendants join this motion as they view it in the interests of justice to cure the jurisdictional issue posed by Plaintiffs' decision to file in the incorrect judicial district.  By joining this Joint Motion, Defendants do not hereby waive any other defense or defenses that may be available to them pursuant to Rule 12 or otherwise, including but not limited to insufficient service of process.

extension, to which Plaintiffs consent, is not sought for delay. Moreover, granting the extension will prejudice no party.

For the foregoing reasons, the parties respectfully request that the Court grant this motion and transfer the case to the United States District Court for the Eastern District of California. The parties further respectfully request that the Court enter the proposed order attached to this motion for the Court's convenience.

Dated: August 9, 2022

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: */s/ Henry L. Klein (with permission*
   HENRY L. KLEIN
   D.C. Bar LA0003
   201 St. Charles Avenue
   Suite 2501
   New Orleans, LA 70170
   Phone: 504-599-5661
   henryklein44@gmail.com

*Attorney for Plaintiffs*

By: */s/ Stephen DeGenaro*
   STEPHEN DEGENARO
   D.C. Bar #1047116
   Assistant United States Attorney
   601 D Street, NW
   Washington, DC 20530
   (202) 252-7229
   stephen.degenaro@usdoj.gov

*Attorneys for Defendants*