UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMAL A. ZATARAH et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA et al.,<br><br>Defendants. | Civil Action No. 22-703 (JDB) |

## ORDER

Pursuant to 7 U.S.C. § 2023(a)(13), plaintiffs seek review of a final agency decision by the United States Department of Agriculture Food Nutrition Service to disqualify plaintiffs from participating in the Supplemental Nutrition Assistance Program.  Compl. [ECF No. 1] ¶¶ 3, 14.  Section 2023(a)(13) provides that a store may obtain judicial review of a final agency decision by "filing a complaint against the United States in the United States court for the district in which it resides or is engaged in business or, in the case of a retail food store or wholesale food concern, in any court of record of the State having competent jurisdiction."  Plaintiffs' store is located in Sacramento, California.  Compl. at 1; see Joint Mot. to Transfer [ECF No. 14] ("Transfer Mot.") at 2.  For that reason, the parties agree that this Court lacks jurisdiction, and they jointly move to transfer this action to the United States District Court for the Eastern District of California.  Transfer Mot. at 1–2.

Section 2023(a)(13) is a conditional waiver of sovereign immunity.  Simaan v. Veneman, 349 F Supp. 2d 967, 970 (M.D.N.C. 2004); Shoulders v. U.S. Dep't of Agric., 878 F.2d 141, 143 (4th Cir. 1989).  The United States has consented to be sued only when plaintiffs bring a claim under § 2023(a)(13) in the district where a store receiving SNAP benefits "resides" or "is engaged in business."  See FDIC v. Meyer, 510 U.S. 471, 475 (1994).  Accordingly, this Court lacks

subject-matter jurisdiction over this case. Although the parties note that this want of jurisdiction is grounds for dismissal, Transfer Mot. at 2–3 (citing Gage v. Somerset County, 322 F. Supp. 3d 53, 58 (D.D.C. 2018)),[1] they jointly request transfer pursuant to 28 U.S.C. § 1631, which provides that, if a court determines that it lacks jurisdiction over a civil action, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court . . . in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. The Court agrees that transfer is appropriate and accordingly will grant the parties' joint motion to transfer this case.

The parties also request an extension of time to respond to the complaint in the transferee district so that another Assistant United States Attorney may have "sufficient time to review the case file, discuss this matter with relevant agencies, and formulate an appropriate response." Transfer Mot. at 3. Plaintiffs consent, id. at 3–4, and the Court agrees that an extension is appropriate.

For the foregoing reasons, and upon consideration of [14] the parties' joint motion to transfer, and the entire record herein, it is hereby

**ORDERED** that this action is **TRANSFERRED** to the United States District Court for the Eastern District of California; and it is further

**ORDERED** that defendants shall answer or otherwise respond by not later than (1) 30 days after this action is docketed in the Eastern District of California; or (2) 30 days after plaintiffs' counsel is admitted or admitted pro hac vice into the Eastern District of California, whichever date is later; or in any event by not later than October 11, 2022.

---

[1] Defendants note that they are joining this request upon the representation of plaintiffs' counsel "that, going forward, he will only file actions seeking de novo review of disqualification decisions in the judicial district where [a] store resides or is engaged in business." Transfer Mot. at 3. Plaintiffs' counsel, in turn, "understands that should he continue to file similar actions in the incorrect venue, Defendant[s] may view them as filed in bad faith and may seek dismissal and other appropriate relief from the court." Id.

**SO ORDERED.**

/s/<br>
JOHN D. BATES<br>
United States District Judge

Dated:  <u>August 9, 2022</u>